**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUNE MODUPEH WILSON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1060

Agency No. A094 370 648

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2024**

Before: BOGGS,*** RAWLINSON, and H.A. THOMAS, Circuit Judges.

June Wilson, a native and citizen of Sierra Leone, petitions this court for

review of the decision of the Board of Immigration Appeals (BIA) dismissing her

appeal of a decision by the Immigration Judge (IJ) denying asylum and withholding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of removal. Where the BIA issues its own decision, while relying in part on the IJ's reasoning, we review both decisions. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Questions of law are reviewed *de novo*. *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). Factual findings are reviewed under the substantial-evidence standard, pursuant to which the findings must stand unless the evidence compels a different conclusion than the one reached by the BIA. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Wilson, a Creole, was a high school teacher in Sierra Leone. When civil war started in the late 1980s, Wilson went to the American Embassy and received a visitor's visa in 1990. Her sister, Edith Jarrett, was arrested by the government in 1998 for failing to heed its calls for civil disobedience when it was overthrown before regaining power. Jarrett was imprisoned for five and a half months with no electricity or bedding, and she was often placed in solitary confinement. While Jarrett was in jail, her son, Claudius Jarrett, disappeared and was presumed dead. In 2000, rebels burned down the church of Wilson's brother, who was severely beaten and later died.

In 1999, Wilson was paroled into the United States and granted Temporary Protected Status, which expired in 2003. Eleven years later in 2014, Wilson filed an application for asylum and withholding of removal, and protection under the

Convention Against Torture (CAT).

The IJ denied Wilson's asylum claim because she did not file her application for asylum within one year of arriving in the United States, 8 U.S.C. § 1158(a)(2)(B), and failed to demonstrate extraordinary circumstances excusing the delay. 8 U.S.C. § 1158(a)(2)(D). The IJ held that there was no evidence in the record that psychological trauma prevented Wilson from filing her asylum application for nearly 11 years after the one-year filing deadline had ended. Further, Wilson testified at her removal hearing that she had not filed for asylum because she did not know that she could. Failure to file based on ignorance of the law is not an extraordinary circumstance. *See Alquijay v. Garland*, 40 F.4th 1099, 1103-04 (9th Cir. 2022). No evidence compels a different conclusion than the one reached by the BIA and IJ.

To establish eligibility for withholding of removal, an applicant must demonstrate a clear probability that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1231(b)(3)(A), 1229a(c)(4)(A); *INS v. Stevic*, 467 U.S. 407, 424 (1984); 8 C.F.R. § 1240.8(d). The BIA found that Wilson failed to meet her burden of establishing either past persecution or a well-founded fear of future persecution based on a protected ground. *See* 8 C.F.R. § 1208.16(b)(1)-(2).

To establish past persecution, an applicant must show an incident or incidents

rising to the level of persecution, on account of a protected ground. 8 C.F.R. § 1208.16(b)(l). Lacking any claim of physical harm to herself, Wilson cannot rely on the harm suffered by her sister, brother, and nephew after she left Sierra Leone to establish her own claim to past persecution. *Sharma v. Garland*, 9 F.4th 1052, 1061–64 (9th Cir. 2021). Further, the IJ and BIA held that Wilson's claims of economic and emotional harm did not rise to the level of persecution. Nothing in the record compels a different conclusion.

To establish a well-founded fear of future persecution, an applicant's fear must be "both subjectively genuine and objectively reasonable." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). To prevail on a withholding claim, an applicant must demonstrate that one of the protected grounds is at least "a reason" for the applicant's future persecution. *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023).

Wilson fears that as a Christian and a Creole she will be targeted and subjected to female genital mutilation (FGM). The BIA found that while FGM is practiced in Sierra Leone, Wilson did not carry her burden of proof to show that this would more likely than not happen to her. The Creole people do not support the practice, she was not subjected to FGM for the 40 years that she lived in Sierra Leone, and she presented no evidence that other tribes would target her for FGM.

The BIA held that Wilson failed to present evidence that the government

4

would impute a political opinion to Wilson based on her sister's anti-government actions 20 years ago during the civil war. Even though Wilson testified that she and her sister were well known in Sierra Leone, she presented insufficient evidence that the government would seek to harm her since she has not lived in Sierra Leone since 1990, has no living family members in the country, and a large portion of the population that had known her family had been killed or displaced during the civil war. Wilson has pointed to nothing in the record that compels a different conclusion.

The petition for review is **DENIED**.